## Caneja *v*. El Pueblo

Apelación procedente de la Corte de Distrito de San Juan.

No. 42.—Resuelto en abril 10, 1907.

Contribuciones—Tasación de la Propiedad—Decisión de la Junta de Revisión é Igualamiento.—Las disposiciones del artículo 310 del Codigo Político, estableciendo que las decisiones de la Junta de Revisión é Igualamiento, creada por disposición del artículo 308 del mismo Código, en todos los asuntos que le fueren presentados á su consideración y resolución, serán firmes, no han sido derogados por la Ley de marzo 10, 1904, que enmendó el artículo 314 de dicho Código, pues las enmiendas introducidas por dicha ley no envuelven la concesión de recurso alguno para ante la jurisdicción ordinaria contra los acuerdos de la junta de revisión.

Id.—Errores Manifiestos en las Planillas—Error de Tasación.—Contra los errores manifiestos que ocurran en las planillas puede que quepa algun recurso, cuando el Tesorero se niegue á hacer la debida corrección, pero tales errores pueden cometerse en el nombre del propietario de la finca, en la cabida de ésta, término en que esté situada y aún en el mismo valor que se le haya dado, y pueden resultar de las planillas mismas ó de su examen en relación con los documentos concernientes á la finca de que se trate, como las declaraciones de los propietarios, las valoraciones del tasador y el acuerdo de la Junta de Revisión, pero no pueden estimarse errores manifiestos los que exigen comprobación, como error por parte de la junta al fijar la valoración.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Morera.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Hernández emitió la opinión del tribunal.

Siendo dueño Don Marcos Tomás Caneja de una estancia compuesta de 497 cuerdas en el barrio de Pueblo Viejo del término municipal de Bayamón, fué valorada con algunos inmuebles que comprendía por perito tasador del Departamento de Tesorería, en la suma de veinte mil setecientos dollars para los efectos de la contribución en el año económico de mil novecientos cuatro á mil novecientos cinco; pero la Junta de Revisión y Nivelación á la que recurrió Caneja en apelación contra la valoración ante dicha, en sesión correspondiente al expresado año fiscal, rebajó la valoración en la

forma siguiente: cien cuerdas de malojillo, en ocho mil dollars; setenta cuerdas de pasto, en dos mil quinientos dollars; treinta cuerdas más de pasto, en seiscientos dollars; doscientas cuarenta y siete cuerdas de monte en trescientos dollars; cincuenta cuerdas de terreno de primera y segunda clase, propio para caña, en tres mil dollars; una casa en mil quinientos dollars; otra casa, en mil dollars; otra casa, en cien dollars; y un pozo en trescientos dollars, cuyas partidas dan el total de diez y siete mil trescientos dollars.

No conforme el recurrente con la antedicha rebaja, presentó demanda ante la Corte de Distrito de San Juan en 26 de septiembre de 1904 contra el Pueblo de Puerto Rico, y después de hacer varias alegaciones tendentes á demostrar que la valoración era excesiva por estar viciada de error en la apreciación de la calidad de los terrenos, concluyó con la súplica de que en su día se revocara por sentencia el acuerdo de la Junta de Revisión, declarando que la finca de que se trata con sus anexos solo vale cinco mil seiscientos noventa y seis pesos cincuenta y cuatro centavos, y condenando al demandado á devolver las cantidades que hubiere cobrado de más sobre la valoración indicada, con los intereses legales correspondientes y las costas.

El fiscal de la referida corte en representación del Pueblo de Puerto Rico alegó en su contestación que era válida y justa la valoración de la Junta de Revisión y solicitó fuera declarada sin lugar la demanda con las costas á la parte actora.

Celebrado el juicio, la corte inferior, en vista de las alegaciones, pruebas é informes de las partes, estimó que los hechos y la ley están en favor del demandado, y en su virtud por sentencia de 5 de febrero de 1906 declaró sin lugar la demanda con las costas al demandante.

Esa sentencia fué apelada por la representación de Don Marcos Tomás Caneja que sostuvo el recurso por error en la apreciación de las pruebas, mientras que la representación

del Pueblo de Puerto Rico lo impugnó, alegando entre otras razones atinentes al fondo de la cuestión debatida, la de que la Corte de Distrito de San Juan carecía de jurisdicción para conocer del caso.

Consideremos esa excepción, que debe calificarse de previa, y al efecto traigamos á examen los preceptos legales que guardan relación con ella, ó sean los artículos 308, 310 y 314 del Código Político de Puerto Rico, enmendado el 314 por la Ley de la Asamblea Legislativa aprobada en 10 de marzo de 1904, titulada ''Ley para enmendar el título noveno del Código Político y para otros fines.''

Por el primero de dichos artículos se creó una Junta Permanente de Revisión é Igualamiento que se compondría del Tesorero de Puerto Rico, el Secretario, el Comisionado del Interior y otras dos personas, ciudadanos de Puerto Rico, versadas en asuntos relativos al valor de la propiedad en Puerto Rico, cuya junta habría de resolver todas las reclamaciones que presentaran los contribuyentes con referencia á la tasación de sus propiedades.

El artículo 310, entre otros particulares concernientes á las funciones de dicha junta, establece que su decisión en todo asunto que le sea presentado será firme, y que para cumplir sus deberes puede aquélla examinar, bajo juramento ó afirmación á cualquier persona ó personas que puedan tener conocimiento ó informes respecto del valor de la propiedad sujeta á tasación.

El artículo 314, tal como ha sido enmendado por la ley ya citada de 10 de marzo de 1904, dispone que las planillas que contienen las tasaciones, cuando hayan sido debidamente examinadas, comprobadas, corregidas y revisadas de acuerdo con la ley, y encuadernadas por el Tesorero se presumirán definitivamente válidas por todas las cortes y tribunales, no alterándose ni desestimándose, excepto por vía de corrección de errores manifiestos.

Atendida la organización de la Junta de Revisión é Igualamiento en la forma dispuesta por el artículo 308, sus resoluciones en materia concerniente á la valoración de la propiedad, han de ofrecer más garantías de acierto que las de un tribunal de derecho, unipersonal ó colegiado, cuyos miembros no necesitan estar versados en asuntos relativos al valor de la propiedad de Puerto Rico, como sucede con dos de los que han de componer dicha Junta.

Además, la Junta de Revisión oye á los agraviados y admite pruebas para el mejor desempeño de sus funciones, y esas pruebas con las ilustraciones que puedan dar á la junta sus dos miembros versados en asuntos relativos al valor de la propiedad son desconocidas por el juez ó tribunal de derecho ante quien se recurra contra resolución de la junta, resolución que podría ser revocada, en virtud de pruebas distintas y aun contrarias á la que le sirvieron de fundamento, pues no es lógico suponer que la parte recurrente utilizara, ante el tribunal de derecho, pruebas que le fueron adversas ante la Junta de Revisión, máxime si se atiende á la facilidad de encontrar las pruebas que se deseen en materia tan sujeta á apreciaciones diversas, como lo es la valoración de la propiedad.

Sin duda, por las razones expuestas y otras que no se escaparían á la sabia penetración del legislador, dispone el artículo 310 que la decisión de la junta en todo asunto que le sea presentado será firme; y ante precepto tan absoluto y terminante huelga toda discusión. *Dura lex, sed lex.*

Ese precepto no ha sido derogado por la Ley de la Asamblea Legislativa de 10 de marzo de 1904, que enmendó el artículo 314 del Código Político, pues si la legislatura hubiera tenido tal intención, hubiera establecido el recurso procedente contra las decisiones de la Junta de Revisión y determinado ante quien debe ejercitarse; y si bien ordena que las planillas que contienen las tasaciones después de examinadas, comprobadas, corregidas, revisadas y encuadernadas, se presumirán

definitivamente válidas por todas las cortes y tribunales, no alterándose ni desestimándose, sino por vía de corrección de errores manifiestos, semejante enmienda no envuelve la concesión de recurso alguno para ante la jurisdicción ordinaria contra los acuerdos de la Junta de Revisión, y á lo sumo, podría darse un recurso, que no discutimos cual sea, para la corrección de errores manifiestos en las planillas, en el caso de que el Tesorero se negase á hacer la corrección debida y procediera al cobro de una contribución fundada en errores manifiestos.

Cabe en lo posible que se cometan errores manifiestos en las planillas, equivocando el nombre del propietario de una finca, la cabida de ésta, el término municipal en que está situada y aún el mismo valor que se le haya dado; esos errores pueden aparecer de las mismas planillas en sí mismas ó de su examen en relación con los documentos concernientes á la finca de que se trate, cuales son las declaraciones presentadas por los propietarios, las valoraciones del tasador y el acuerdo de la Junta de Revisión; pero no pueden llamarse errores manifiestos los que lejos de aparecer á la simple vista necesitan comprobación por medio de testigos, como sucede en el presente caso, en que solo se ha alegado como fundamento para la revocación del acuerdo de la Junta de Revisión, error sufrido por ésta en la valoración de la finca de Don Marcos Tomás Caneja.

Caso análogo al presente, ha sido ya resuelto por esta Corte Suprema en el día de hoy, cuyo caso es el de *Mercedes A. Guitián y otros* contra *el Gobierno de Puerto Rico,* en el que ha redactado la opinión del tribunal el Juez Sr. Mac-Leary, opinión que damos aquí por reproducida como aplicable á la cuestión que se debate.

En mérito de lo expuesto, procede que por falta de jurisdicción de la Corte de Distrito de San Juan para conocer del juicio promovido por Don Marcos Tomás Caneja, se confirme

la sentencia apelada con las costas del recurso también á cargo de la parte apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.